IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL GUERRIDO-LOPEZ, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 15-1660 |
| CITY OF ALLENTOWN, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

This matter has come before this Court on referral from the Honorable Edward G. Smith regarding discovery disputes between the parties. Currently before the Court are: Plaintiff's Motion for Reconsideration (Doc. No. 57) and Defendants' opposition thereto (Doc. No. 59); Plaintiff's letters of January 11, 2016, and March 16, 17 and 22, 2016 and Defendants' letters of January 8, 2016, and March 16, 17, 19 and 21, 2016.

This Court will first address Plaintiff's Motion for Reconsideration. The purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). It is not simply to raise arguments that were, or should have been, raised previously. Thornton v. West, 529 F. App'x 107, 110 (3d Cir. 2013). Plaintiff has not advanced any arguments that would warrant this Court's reconsideration of its prior rulings concerning the scope of discovery in this case. Plaintiff has not presented any newly discovered evidence. Despite his assertion that the Court "clearly misunderstood the law," Mot. at 6, Plaintiff has not offered any legal citation to support that claim other than the most basic rules regarding relevance in discovery as described in cases decided prior to the recent amendments to Fed. R. Civ. P. 26(b)(1) relating to the proportionality

limitation.  Instead, Plaintiff failed to cite the case law that directly addresses the issue of the appropriate scope of discovery for a claim under Monell v. Dept. of Social Servs. of City of New York, 436 U.S. 658 (1978).  That case law plainly demonstrates that his contention that his assertion of a Monell claim entitles him to unlimited discovery without regard to proportionality and burdensomeness is incorrect.  See, e.g., Deluccia v. City of Patterson, No. 09-703 (JLL), 2012 WL 909548, at *2 (D.N.J. Mar. 15, 2012); Knight v. Musemici, No. 11-280, 2012 WL 1107708, at *3 (D. Del. Mar. 30, 2012); Dawson v. Ocean Twp., No. 09-6274 (JAP), 2011 WL 890692, at *3, 23 (D.N.J. Mar. 14, 2011); Furey v. Wolfe, No. 10-1820, 2011 WL 597038, at *2-3 (E.D. Pa. Feb. 18, 2011); Haber v. Evans, 268 F. Supp. 2d 507, 512-13 (E.D. Pa. 2003); Torres v. Kuzniasz, 936 F. Supp. 1201, 1214 (D.N.J. 1996).  The Court retains broad discretion, see Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983), and has the obligation to limit discovery to ensure that it is proportional to the needs of the case and so that the "burden or expense of the proposed discovery" does not "outweigh[] its likely benefits."  See Fed. R. Civ. P. 26(b)(1).  This Court has exercised that discretion here in imposing reasonable limits on Plaintiff's boundless discovery requests that permit the discovery of evidence the Plaintiff needs to prove his case without unnecessarily expanding the burden and cost of production.[1]  Nothing that Plaintiff has asserted convinces this Court that those limitations were a "manifest error of

---

[1]   This is not to say that the Court is overly impressed with the Defendants' ceaseless complaints about the burden and cost of producing the requested documents.  The Defendants fail to recognize that the Court rejected their Motion to Dismiss the Monell claim and that the merits of Plaintiff's pleadings are not subject to relitigation in the context of their response to Plaintiff's discovery requests.  The approximately 10,000 pages that Defendants say they have produced in discovery are neither abnormal nor inappropriate in light of the scope of the allegations made against them and the facts Plaintiff must prove to establish a claim under Monell.

law" or imposed a "manifest injustice" upon him.[2]

Defendants argue that the Court should reconsider permitting the discovery of any internal affairs files other than those of the named Defendants because "[i]t is believed that only one other Court in the Third Circuit has ordered the production of IA reports pertaining to [non-defendant officers]" and that case (for which the Defendants failed to provide a citation) ordered such production after discovery disclosed approximately 80 complaints filed against the defendant officers. Doc. No. 58 at 2 n.1. Defendants are mistaken. Apart from the case to which Defendants' counsel refers, Groark v. Timek, 989 F. Supp. 2d 378 (D.N.J. 2013), numerous cases in this Circuit have ordered production of internal affairs investigatory files relating to non-defendant officers in Monell cases. See Carchietta v. Russo, No. 11-cv-7587 (SRC)(CLW), 2014 WL 1789459, at *7 (D.N.J. May 6, 2014); Reid v. Cumberland Cnty., 34 F. Supp. 3d 396, 413 (D.N.J. 2013); Knight, 2012 WL 1107708, at *3-4; Furey, 2011 WL 597038, at *4; Torres, 936 F. Supp. at 1212. Defendants' argument that files relating to the investigation of similar alleged civil rights violations by the City of Allentown ("City") police officers and the City's investigation of and response to such allegations are not relevant to Plaintiff's Monell claim plainly lacks merit and does not warrant reconsideration by this Court. See, e.g., Reid, 34 F. Supp. 3d at 403; Furey, 2011 WL 597038, at *2-4; Dawson, 2011 WL 890642, at * 20; see generally Beck v. City of Pittsburgh, 89 F.3d 966, 971-72 (3d Cir. 1996) (discussing what a plaintiff must prove to establish liability under Monell).

The Defendants further contend that they were entitled to redact their files "to protect the

---

[2] Plaintiff's complaint, echoed by the Defendants, that the Court did not afford the parties the opportunity to brief the discovery issues raised thus far is false. The Court invited the parties to resolve their disputes informally through the submission of letters. The 11 separate party submissions cited above demonstrate that that process did not unduly limit their opportunity to address the issues.

privacy rights of other officers." Letter of John P. Morgenstern to the Honorable Marilyn Heffley, at 6 (March 21, 2016) [hereinafter, "Morgenstern March 21 Letter"]. The authority that the Defendants have cited for this proposition is, at best, of dubious relevance. See Martinez v. Jones, No. 3:12-CV-1547, 2015 WL 3454505, at *4 (M.D. Pa. May 29, 2015) (denying discovery of personnel files of prison officers, inter alia, because of the special concerns regarding security and staff safety that might arise in the prison setting); Devore v. City of Philadelphia, No. 04-3030, 2005 U.S. Dist. LEXIS 2119 at *2-3 (E.D. Pa. Feb. 15, 2015) (involving production of plaintiff's background investigation and other information in his case against former employer for disclosing derogatory employment information to potential employer); Miles v. Boeing, 1994 WL 109766, at *2-3 (E.D. Pa. Mar. 2, 1994) (regarding discovery of personnel file of competing employee in a Title VII action). In an action seeking to impose liability under 42 U.S.C. § 1983, a privilege claim, let alone a claim based on personal privacy, "'must be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action.'" Carchietta, 2014 WL 1789459, at * 6 (quoting Scouler v. Craig, 116 F.R. D. 7, 13 (D.N.J. 1987)).

      This Court previously authorized the redaction of personal and financial information, such as officers' social security numbers, financial information, and medical records. The Defendants also may redact payroll information and any information relating to the officers' families. The Court also has attached confidentiality provisions to the production of internal affairs files that should suffice to address any privacy issues. See Reid, 34 F. Supp. 3d at 408-09; Dawson, 2011 WL 890692, at *22. This Court agrees with the cases cited above that "[t]he balance of protecting internal affairs files against Plaintiff's right to assert a civil right claims (sic) weighs in favor of Plaintiff." Carchietta, 2014 WL 1789459, at *6 (quoting Scouler, 116

F.R.D. at 13). Therefore, the Defendants cannot redact police officers' names or identifying information from its document production.

The Defendants also assert that the Pennsylvania Criminal History Record Information Act ("CHRIA"), 18 Pa. Cons. Stat. § 9106(c)(4), prohibits a federal court from ordering the discovery of "[i]nvestigative and treatment information." Morgenstern March 21 Letter at 3-4. Defendants' argument is disingenuous. Notably, this is the first time in the six submissions listed above that the Defendants have asserted that the documents at issue are privileged. Nevertheless, on the merits, the Defendants argue that the Court "does not have the authority" to order production of documents protected under CHRIA and relies for this proposition on McCrey v. Mark, No. 90-4652, 1992 WL 208980, at *2 (E.D. Pa. 1992). Morgenstern March 21 Letter at 4. Counsel neglected to disclose, however, the line of cases decided after McCrey that have rejected its holding that a state statute creates a privilege that controls discovery regarding federal claims brought in the federal courts.[3] Griffin-El v. Beard, No. 06-2719, 2009 WL 1606891, at *15 (E.D. Pa. June 8, 2009); D.N. v. Snyder, No. 1:08-CV-0526, 2009 WL 1362665, at *1 (M.D. Pa. May 13, 2009); Puricelli v. Houston, No. 99-2982, 2000 WL 298922, at *2 (E.D. Pa. Mar. 15, 2000); Curtis, 172 F.R.D. 162, 163-65 (W.D. Pa. 1997). Counsel also failed to mention that McCrey was decided before the United States Court of Appeals for the Third Circuit issued its opinion in Pearson v. Miller, 211 F.3d 57, 65-66 (3d Cir. 2000), in which it held that "'federal courts are to apply federal law of privilege to all elements of claims except those "as to which State law supplies the rule of decision."'" (quoting Fed. R. Evid. 501). This

---

[3] There is serious doubt whether 18 Pa. Cons. Stat. § 9106(c)(4) even establishes a privilege under state law. See Griffin-El, 2009 WL 1606891, at *15; D.N., 2009 WL 1362665, at *1. Moreover, the fact that the McCrey court's analysis of whether such a privilege would be binding in a federal court as to a federal claim is limited to less than one-half a page of text and cites to no authority other than the Pennsylvania statute itself also limits its persuasive force considerably.

Court agrees with the courts that have held that a state statute protecting the confidentiality of criminal records does not justify denying discovery of evidence relevant to a claim brought against police or municipal defendants under federal civil rights statutes. Accordingly, Defendants shall not redact any information based on a claim it is subject to CHRIA.

The Defendants' contention that this Court's prior orders permitted it to unilaterally redact information from the internal affairs files at its own discretion is incorrect. The purpose of the parties' submissions was to resolve the discovery dispute over the requests for production of the files, and the Court's orders specified the conditions under which they were to be produced, i.e., subject to the protective provisions of this Court's February 16, 2016 Order. The Defendants were required to raise all of their arguments regarding their treatment of the files in their prior submissions. They were not authorized to unilaterally redact the documents after the Court already had ruled on the terms of their production. Nevertheless, the Court has considered Defendants' stated concerns regarding the safety of witnesses and informants identified in the internal affairs files and balanced them against the Plaintiff's need for discovery to support his Monell claim. In light of those concerns, this Court's prior Orders of January 22, 2016 (Doc. No. 50) and February 16, 2016 (Doc. No. 53) are modified as follows:

1. The Defendants shall be permitted to redact the names of witnesses and confidential informants from internal affairs files.
2. The Defendants shall be permitted to redact information regarding security vulnerabilities of the City's cellblock.
3. The Defendants shall not redact other information from such files. In particular, the Defendants shall not redact:
    a. Any information that is publicly available;

    b. Any information that would be subject to disclosure under Pennsylvania's Right to Know Law;

    c. Names of arrested parties;

    d. Incident numbers;

    e. Names and identifying information (other than social security numbers) for members of the Allentown Police, including such officers who are witnesses or sources in any internal investigation;

    f. Information for which the Defendants' alleged basis is CHRIA

4. The above list is intended to address categories of information set forth in the parties' submissions. It is not intended to be exhaustive, and the Defendants shall not take any further liberties in redacting information other than the names of witnesses (other than police personnel) and confidential informants set out in the internal affairs files.

5. Plaintiff's counsel shall not disclose internal affairs files to the Plaintiff with the exception of files relating to the Plaintiff himself.

6. The Defendants shall produce a privilege log detailing each redaction by Bates numbered page and specifying the nature of the redacted information with sufficient detail to permit Plaintiff's counsel to understand precisely what type of information was redacted and identifying the legal basis on which such information was redacted.

7. The Defendants shall produce their privilege log and a new set of documents with only the redactions stated in this Order by no later than April 31, 2016. In light of Defendants' dilatory tactics to date and the fact that the discovery requests at issue were first propounded in July 2015, the Defendants and their counsel shall devote whatever resources are necessary to ensure their compliance with that deadline.

8. In its February 16, 2016 Order, because the discovery deadline in this case already had passed, the Court directed the parties to "communicate expeditiously with the Honorable Edward G Smith regarding any request for the extension of any pretrial deadlines." The parties failed to comply with that directive. The Court, therefore, reiterates that requests for the extension of any pretrial deadline or the trial date should be brought before Judge Smith as soon as possible.

The parties are again reminded that this Court's Local Rule 26.1(f) requires them to meet and confer in a good faith attempt to resolve their differences before bringing disputes to the Court. In that regard, both parties' conduct to date has been dishearteningly lacking in good faith. For example, an argument over whether a party has the appropriate software to access documents produced electronically by another party should never require court intervention. More recently, Defendants' counsel sought the Court's "immediate attention" to address "a very serious issue" that allegedly had arisen regarding potential improper disclosure of confidential information from internal affairs files. It turned out that the purported issue was not actually in dispute and should never have required this Court's intervention. Counsel are admonished to exercise the professionalism necessary to resolve these types of issues without further wasting the resources of this Court.

The Court has attempted to resolve discovery disputes to this point on an informal basis through the submission of letters and telephonic conferences. The parties have clearly demonstrated that they are unable to exercise the professionalism necessary for such informal proceedings to be effective. Moreover, in a March 18, 2016 telephonic conference, the parties conclusively demonstrated that they are unable to conduct themselves with the decorum, professionalism and basic courtesies required for such proceedings and that any further attempt

at oral argument would not be helpful to the Court.  Accordingly, going forward, the parties shall raise any discovery disputes that they are unable to resolve between themselves in written motions, which are to be filed with the Court.  All arguments shall be raised in the briefing on such motions or they shall be waived.  Until the Court should decide otherwise, there shall be no further letter submissions, telephonic conferences or oral arguments regarding discovery disputes in this matter.

DATE:  March 28, 2016                                          BY THE COURT:


                                                                              */s/ Marilyn Heffley*
                                                                              MARILYN HEFFLEY
                                                                              UNITED STATES MAGISTRATE JUDGE